UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jay S. Alper and
Colleen J. Alper

  v.           Civil No. 18-cv-044-JD
                Opinion No. 2018 DNH 039
Ocwen Loan Servicing, LLC


O R D E R

  Jay and Colleen Alper, proceeding pro se, brought suit in state court, alleging federal and state claims against Ocwen Loan Servicing, LLC. Ocwen removed the case to this court based on federal question jurisdiction, 28 U.S.C. § 1331. The Alpers move for leave to amend their complaint and also move to remand the case to state court. Ocwen objects, arguing that the motion is procedurally improper and the proposed amendments are futile.

  Because the Alpers move for both leave to amend and to remand the case, they have improperly combined two motions for separate relief into a single filing. LR 7.1(a)(1). Further, the motion to remand will not be ripe unless and until the motion to amend is granted. In light of their pro se status, however, the court will not require the Alpers to refile the motions in compliance with Rule 7.1(a)(1) and instead will consider the motions seriatim.

I.  Motion to Amend

The Alpers move for leave to amend their complaint to withdraw their federal claims alleging that Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.[1]  In support, they cite Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires."  The Alpers also explain that they are withdrawing their federal claims in order to avoid federal subject matter jurisdiction in support of their motion to remand.

In response, Ocwen contends that the motion to amend is untimely.  Ocwen also contends that the proposed amended complaint is futile because the claims are time barred, because the Alpers released their claims under the New Hampshire Fair Credit Reporting Act in 2014, and because the state law claims are preempted by the federal Fair Credit Reporting Act.

A.  Timing of Motion

Ocwen contends that the motion for leave to amend is both too early and too late.  In support, Ocwen cites Federal Rule of Civil Procedure 15(a)(1) that allows a plaintiff to amend as a matter of course within twenty-one days after serving the

---

[1] In their complaint, the Alpers refer to the Act as the Fair Debt Reporting Act, but, based on the citation to 15 U.S.C. § 1681, they apparently intended to cite the Fair Credit Reporting Act.

2

complaint or within twenty-one days after an answer or a motion under Rule 12(b). Because the Alpers' motion was filed more than twenty-one days after they filed their complaint in state court but before Ocwen filed a response, Ocwen contends that the motion cannot be considered.[2]

Contrary to Ocwen's theory, the Alpers have moved for leave to amend, as provided in Rule 15(a)(2), and do not rely on amendment as a matter of course, as provided in Rule 15(a)(1). Therefore, the timing issue raised by Ocwen is meritless.

B. Futility

Ocwen also contends that the proposed amendment is futile because the claims are time barred, were released in a 2014 settlement agreement, and are preempted by the federal Fair Credit Reporting Act. The Alpers did not file a reply and, therefore, did not respond to Ocwen's futility arguments. Ocwen has also filed a motion to dismiss the original complaint.

Ocwen's futility arguments would be more appropriately addressed in the context of a motion to dismiss.

C. Amendment

The Alpers are granted leave to amend their complaint. When the amended complaint is docketed, it will supersede the

---

[2] The court granted the parties' motion to extend the time for Ocwen to respond to the complaint.

original complaint, rendering the pending motion to dismiss moot. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); Kendall v. SOciety for the Protection of N.H. Forests, 2017 WL 2683991, at *6 (D.N.H. June 21, 2017).

II. Motion to Remand

Based on the absence of a federal claim in the amended complaint, the Alpers also move to remand the case back to state court. In support, the Alpers contend that without a federal claim federal question jurisdiction under § 1331 is lacking and ask the court to decline to exercise supplemental jurisdiction over the state law claims. The Alpers also assert that subject matter jurisdiction under § 1332, based on diversity of citizenship, cannot be the basis for denying their request to remand because Ocwen did not cite § 1332 in the notice of removal and because the amount in controversy does not exceed $75,000.

"An amendment to a complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990); see also Akorede v. Tex. Dep't of Assistive Rehab. Servs., 2017 WL 3394527, at *5 (S.D. Tex. Aug. 7, 2017) (citing cases and 14B Wright, Miller, Cooper & Steinman, Federal Practice and Procedure § 3721 (4th ed. 2009)). Instead, the

4

court must decide whether to retain supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). When the federal claims that were the basis for federal subject matter jurisdiction are dismissed or withdrawn, district courts ordinarily will decline to exercise supplemental jurisdiction over the remaining state law claims. § 1367(c)(3); Artis v. District of Columbia, 138 S. Ct. 594, 597-98 (2018); League of Women Voters of N.H. v. N.H. Sec. of State, 2017 WL 3842593, at *2 (D.N.H. Sept. 3, 2017). Generally, when all federal claims are withdrawn early in the litigation, the district court should decline to exercise supplemental jurisdiction over remaining state law claims. Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998); accord Desjardins v. Willard, 777 F.3d 43, 45-46 (1st Cir. 2015).

This case was removed on January 16, 2018, less than two months ago. The Alpers immediately moved to amend the complaint to withdraw the federal claims and to remand the case to state court. Although Ocwen filed a motion to dismiss while the motion to amend and remand was pending, that motion will become moot when the amended complaint is docketed.

Therefore, it is appropriate under the circumstances to decline to exercise supplemental jurisdiction over the state law claims that will be the only claims remaining in this case when the amended complaint is docketed.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for leave to amend and to remand the case to state court (document no. 8) is granted.

The clerk of court shall docket the amended complaint, which is attached to the motion to amend as document 8-1.

The defendant's motion to dismiss (document no. 10) is denied without prejudice as moot.

Once the amended complaint is docketed, the clerk of court shall remand the case to the Rockingham County Superior Court.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 5, 2018

cc: Jay S. Alper, pro se
    Coleen J. Alper, pro se
    Joe N. Nguyen, Esq.
    L. John Vassalotti, III, Esq.
    Benjamin M. Greene, Esq.